1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CATREENA R. M.,

     Plaintiff,

  v.

ACTING COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

CASE NO. 3:24-CV-5582-DWC

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

   Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her application for Supplemental Security Income (SSI) benefits. Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court finds no reversable error and affirms the Commissioner's decision to deny benefits.

## I. BACKGROUND

   Plaintiff applied for SSI on July 18, 2019. Administrative Record (AR) 17. Her amended alleged date of disability onset is the same day. *Id.* Hearings were held before the Administrative Law Judge on September 19, 2022 (AR 36–44); May 4, 2023 (AR 45–70); and September 26,

2023 (AR 71–80). On October 19, 2023, the ALJ issued a written decision finding Plaintiff not disabled. AR 14–35. The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision the final agency action subject to judicial review. AR 1–6. On July 23, 2024, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 5.

## II.   STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.   DISCUSSION

In her opening brief, Plaintiff argues the ALJ failed to properly assess the medical opinions of Peter Weiss, Ph.D., and Stephen Meharg, Ph.D. *See generally* Dkt. 9.

For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering each opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(b)–(c), 416.920c(b)–(c). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with evidence from other medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2).

**A.    Dr. Weiss**

Consulting examiner Dr. Weiss completed opinions in May 2019 (AR 574–78) and June 2023 (AR 960–64). He opined Plaintiff had marked or severe limitations in her abilities to maintain appropriate behavior in a work setting; complete a normal workday and work week without interruptions from psychologically based symptoms; set realistic goals and plan independently; communicate and perform effectively in a work setting; and perform activities within a schedule and maintain regular attendance. *See* AR 575–76, 962.

The ALJ found the opinions unpersuasive. AR 25. He found the opinions "inconsistent with the treatment record, which reflects generally intact functioning on mental status exams and good response to medications." *Id.* (citing AR 785, 792, 881, 884).

This finding was supported by substantial evidence. Elsewhere in his decision, the ALJ explained that, during mental status examinations, Plaintiff had normal memory, concentration, affect, thought process, insight, and judgment, and oftentimes denied significant mental issues. *See* AR 23 (citing AR 881–90). She did display abnormalities during some mental status examinations, but, the ALJ explained, these examinations followed Plaintiff being off of various medications she was taking. *See* AR 22–23 (citing AR 789–94, 896–97). As the ALJ noted, Plaintiff did not seek further treatment between being prescribed medication in March and April 2020 and February 2022, when she presented with symptoms after having been off medication for two weeks. *See* AR 23.

The ALJ reasonably concluded—based on the few abnormal mental status examinations when Plaintiff was medicated—that her medications were effective and her mental functioning while on medication was inconsistent with Dr. Weiss's extreme limitations. *See Stiffler v. O'Malley*, 102 F.4th 1102, 1106–07 (9th Cir. 2024) (finding normal mental status examination

1   results undermined extreme limitations in mental functioning); *Warre v. Comm'r of Soc. Sec.*

2   *Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively

3   with medication are not disabling . . . ."); *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023)

4   (affirming discounting of medical opinion based on "gradual improvement" from medication).[1]

5       The ALJ properly found Dr. Weiss's opinions inconsistent with the medical record.

6   Because this is a sufficient basis on which to affirm the ALJ's findings, the Court need not

7   consider whether the remaining reasons given for rejecting the opinions were erroneous, as any

8   error with respect to those reasons would be harmless. *See Molina v. Astrue*, 674 F.3d 1104,

9   1115 (9th Cir. 2012) (error harmless if "there remains substantial evidence supporting the ALJ's

10  decision and the error does not negate the validity of the ALJ's ultimate conclusion"); *Bayliss*,

11  427 F.3d at 1216 (discrepancy with medical evidence "is a clear and convincing reason for not

12  relying on the doctor's opinion").

13  **B.    Dr. Meharg**

14      Examining provider Dr. Meharg submitted an opinion in December 2019. *See* AR 756–

15  65. He opined Plaintiff had several mild, moderate, and marked limitations, including marked

16  limitations in her abilities to (1) understand and remember detailed instructions and (2) respond

17  appropriately to work pressures. *See* AR 764–65.

18      The ALJ found the opinion "somewhat persuasive" but rejected the marked limitations

19  opined by Dr. Meharg. AR 24–25. Plaintiff challenges the ALJ's reasons for rejecting the opined

20

21  _____

    [1] Plaintiff argues the ALJ erroneously relied upon notations that her condition was "stable" in finding her

22  medications effective (Dkt. 9 at 9–10), but the ALJ supported his determination with normal mental status
    examinations demonstrating her conditions were not as limiting when she was on medication (*see* AR 23), so any

23  error in relying upon such notations is harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Plaintiff
    also argues Dr. Meharg's abnormal mental status examination conflicts with the ALJ's finding (Dkt. 9 at 12), but

24  that examination occurred prior to her medications being prescribed in March 2020 (*see* AR 22–23), and therefore
    does not cast doubt upon the ALJ's ultimate conclusion.

    ORDER RE: SOCIAL SECURITY DISABILITY
    APPEAL - 4

1  marked limitations but does not contend the ALJ inadequately assessed the mild and moderate

2  limitations opined. *See* Dkt. 9 at 4–9.

3       With respect to the first marked limitation, understanding and remembering detailed

4  instructions, any error in assessing this limitation was harmless. At step five, the ALJ identified

5  positions Plaintiff could perform that require Level 2 Reasoning (requiring a worker "to carry out

6  detailed but uninvolved written or oral instructions") as well as one position, agricultural produce

7  sorter, which requires Level 1 Reasoning. *See* AR 26; Dictionary of Occupational Titles (DOT),

8  App'x C. Level 1 reasoning does not require carrying out detailed instructions. *See* DOT App'x

9  C (Level 1 Reasoning requires "simple one- or two-step instructions" and "standardized

10 situations with occasional or no variables"). The ALJ found, based on the VE's unchallenged

11 testimony, there were 30,000 agricultural produce sorter positions in the national economy. *See*

12 AR 26.

13      Because the agricultural produce sorter position independently exists in significant

14 numbers in the national economy and does not require any detailed instructions, any error with

15 respect to Dr. Maharg's limitation in understanding and remembering detailed instructions was

16 inconsequential to the ALJ's step five finding and therefore harmless. *See Molina*, 674 F.3d at

17 1104; *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528–29 (9th Cir. 2014) (holding that

18 25,000 jobs is a significant number available in the national economy); *see also Shaibi v.*

19 *Berryhill*, 883 F.3d 1102, 1110 n.7 (9th Cir. 2017) (finding error in finding claimant could

20 perform one position harmless where other positions existed in significant numbers).

21      With respect to Dr. Meharg's second marked limitation, responding appropriately to

22 work pressures, the ALJ properly found the limitation inconsistent with objective medical

23 evidence, including Plaintiff's "minimal treatment and good response to medications." AR 25.

24

As discussed, this finding was supported by substantial evidence—the ALJ reasonably concluded, based on Plaintiff's minimal treatment and normal mental status examinations during periods when she was on medication, that Plaintiff's conditions were not severely limiting. *See* AR 22–23. As the ALJ noted, mental status examinations found Plaintiff's judgment, insight, behavior, mood, and affect were normal. *See id.* This is inconsistent with a marked limitation in responding to work pressures.

In sum, the ALJ did not reversibly err in considering the marked limitations opined by Dr. Meharg. Plaintiff argues the ALJ erred by failing to address the supportability of the opinion (Dkt. 9 at 4–5), but such error is, at best, harmless. *See Molina*, 674 F.3d at 1104; *Woods*, 32 F.4th at 792– 93 (finding proper consideration of one of supportability-and-consistency factors to be adequate basis to affirm).

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby **AFFIRMS** Defendant's decision denying benefits.

Dated this 2nd day of January, 2025.

David W. Christel
United States Magistrate Judge